MILLER, Judge
(dissenting).
I respectfully submit that the majority on rehearing has substituted its conclusions for those of the trial jury.
We are not here concerned with whether or not Camelle was negligent. The jury expressly so held and as noted in our original opinion, that determination was not questioned.
Our review is limited to the issue of whether or not the jury could have reasonably concluded that Mrs. Benoit was negligent, and, if so, was her negligence a legal cause of the accident.
I do not fault the finding that Camelle moved forward and struck the side of Mrs. Benoit’s car. As noted before the jury found Camelle negligent. I respectfully submit that the jury had a sound basis for concluding that his forward movement would not have caused the accident except for Mrs. Benoit’s negligence in staying in her lane and passing too close to Camelle’s vehicle.
The majority on rehearing has not faulted our original finding that Mrs. Benoit was in her lane of travel when she was struck (Tr. 202), and that this was verified by the investigating officer who testified as her witness. There is no suggestion that the jury erred in accepting Camelle’s testimony (Tr. 510) that Mrs. Benoit did not start around his vehicle which was obstructing the northbound lane, until she was only two car lengths from his vehicle. This testimony was not contradicted by Mrs. Benoit, and is entirely in line with her testimony at Tr. 225 and 229. Her exact testimony was :
Q. Where was your car when he pulled out across the road ?
A. Right by his.
Q. Would you say that it was as close as from me to you right now?
A. Oh, no, it was closer. As I passed by him, that’s when he turned on me.
^ »{* «fc
A. When I was passing by he pulled off.
At one point in her testimony Mrs. Be-noit testified that she was traveling 35 to 45 mph at the point of the collision. She later stated that this was her speed as she approached Camelle and that she slowed when she was “about three or four blocks —two or three” away. But she didn’t know exactly how much she slowed. Tr. 227. Was the jury manifestly wrong in finding that she was traveling 35 to 45 mph at impact? Was the jury manifestly wrong in finding that although the passing lane was clear and Mrs. Benoit knew that the Camelle vehicle was blocking her lane of traffic, Mrs. Benoit continued in her lane until only 30 to 40 feet from striking Camelle’s vehicle, and then made only a slight turn to the left so that she would just barely miss the Camelle vehicle?
Does a driver of a passing vehicle have the right to drive within inches of parked vehicles, or should he leave a reasonable clearance so that a slight movement by the driver or occupant of the parked vehicle might not cause an accident? As I read the majority opinion on rehearing, drivers on wide streets may drive so close to parked vehicles- that an accident will occur if a passenger in the parked vehicle opens the door only six inches.
*856 I submit that this jury concluded that Mrs. Benoit had ample passing room and should have allowed for a margin of error on Camelle’s part.
Relevant here is a consideration of the jury’s province in determining credibility as compared with the limits of our review of the facts. Mrs. Benoit’s testimony concerning her disability was incredible. The majority on rehearing discounted her claim of pain and disability allegedly resulting from this accident. Did the jury commit manifest error in discounting Mrs. Benoit’s testimony concerning the manner in which the accident occurred ?
I would affirm the jury determination that this accident would have been avoided had Mrs. Benoit approached the Camelle vehicle in a proper manner. This accident was caused by Mrs. Benoit’s decision to remain in her lane until the last possible instant when the way was clear for her to enter the passing lane some 300 feet before impact. This negligence was a legal cause of the accident and bars her recovery.
I respectfully dissent.